

FILED

JUN 29 2017

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAVE OUR CABINETS, EARTHWORKS, and DEFENDERS OF WILDLIFE, | CV 15–69–M–DWM |
| Plaintiffs, | ORDER |
| vs. | |
| UNITED STATES FISH AND WILDLIFE SERVICE; CHRISTOPHER S. SAVAGE, Kootenai National Forest Supervisor; and UNITED STATES FOREST SERVICE, | |
| Defendants, | |
| and | |
| MONTANORE MINERALS CORPORATION, | |
| Defendant-Intervenor. | |

On May 30, 2017, the parties' motions for summary judgment (Docs. 35,

1

44, and 48) were granted-in-part and denied-in-part and the matter was remanded to the agencies based on claims advanced under the Endangered Species Act ("ESA"). (Doc. 64.) Plaintiffs now request judgment be entered and for the agencies' decision documents to be vacated. (Doc. 65.) The defendants do not object to the entry of judgment, but oppose vacatur. (Docs. 67, 68.)

Federal Defendants oppose setting aside the agency documents on the grounds that the requested relief is not necessary because it does no more than that provided for in the remand order. (*See* Doc. 67 at 2-3.) Montanore argues, on the other hand, that vacating the Biological Opinions "would delay important mitigation that would improve existing conditions for grizzly bear and bull trout," including "acquiring new grizzly bear replacement habitat, transferring such habitat or appropriate conservation easements to the Forest, closing roads, changing access to Forest roads and trails, converting roads to trails, developing a grizzly bear oversight committee and Comprehensive Grizzly Bear Management Plan, and removing culverts." (Doc. 68 at 3.) Montanore insists that courts have "broad latitude in fashioning equitable relief when necessary to remedy an established wrong," and "equity can authorize the district court to keep an invalid biological opinion in place during any remand if it provides protection for listed species within the meaning of the ESA." *Nat'l Wildlife Fed'n v. Nat'l Marine*

*Fisheries Serv.*, 839 F. Supp. 2d 1117, 1129 (D. Or. 2011) (internal quotation marks omitted). Montanore also argues that vacatur would disrupt the permitting process, impeding the Project's future development. (Doc. 68 at 12-13.)

Pursuant to the Administrative Procedure Act ("APA"), the "reviewing court shall . . . set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *see also Fla. Power & Light v. Lorion*, 470 U.S. 729, 74 (1985). The defendants fail to show that this is one of the "rare circumstances" that warrants ignoring the APA's mandate. *Or. Natural Desert Ass'n v. Jewell*, 840 F.3d 562, 575 (9th Cir. 2016); *Humane Soc'y of U.S. v. Locke*, 626 F.3d 1040, 1053 n.7 (9th Cir. 2010). The mitigation measures at issue are not ESA protections that justify leaving an unlawful agency document in place. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1405-06 (9th Cir. 1995) (leaving listing rule for Springs Snail in place while the Fish and Wildlife Service remedied procedural error because vacatur could have wiped out the species); *Defenders of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1187 (D. Mont. 2011) (stating that equity may require "leav[ing] ESA protections in effect—rather than strip them away—while the agency revisits the [problematic] issue"). And, there is no reason that Montanore cannot continue its mitigation efforts even if the

agencies' decision documents are set aside.

Additionally, the deficiencies in the Biological Opinions are substantial. *See Cal. Comms. Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 992 (9th Cir. 2012). (noting that the severity of the deficiencies should be considered in determining whether vacatur is warranted). The proposed mitigation measures, albeit arguably beneficial for the species, do not outweigh the APA's specific mandate that "agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" must be set aside. *See* 5 U.S.C. § 706(2)(A). Because such a finding was made here with respect to the agencies' jeopardy determinations as to both bull trout and grizzly bears and the bull trout incidental take statement, (*see* Doc. 64),

IT IS ORDERED that Plaintiffs' motion (Doc. 65) is GRANTED. The Clerk of Court is directed to enter judgment, dated today, consistent with the May 30, 2017 Opinion and Order on Summary Judgment, (Doc. 64), and this Order. The agencies' decision to approve the Montanore Project is VACATED and the 2014 Biological Opinions and the 2016 Record of Decision are set aside and remanded to the agencies for further action as outlined in the May 2017 Opinion and Order.

IT IS FURTHER ORDERED that Plaintiffs' motion for extension (Doc. 69)

4

is DENIED as MOOT.

Dated this 24th day of June, 2017.

Donald W. Molloy, District Judge
United States District Court